UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

GLEN PLOURDE,                        )
                                     )
            Plaintiff                )
v.                                   )      1:20-cv-00011-JAW
                                     )
REDINGTON-FAIRVIEW HOSPITAL,         )
et al.,                              )
                                     )
            Defendants               )

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S AMENDED COMPLAINT**

After review of Plaintiff's original complaint (ECF No. 1), upon concluding that Plaintiff had not asserted an actionable claim within the Court's subject matter jurisdiction, I recommended the Court dismiss the complaint without prejudice. (Recommended Decision, ECF No. 8.) Plaintiff filed an objection to the recommended decision (ECF No. 9) and a motion to amend his complaint (ECF No. 10). I granted Plaintiff's motion to amend and informed Plaintiff that upon the filing of the amended complaint, the Court would review the amended complaint in accordance with 28 U.S.C. § 1915A to determine whether Plaintiff had asserted an actionable claim within the Court's jurisdiction.[1] (Order, ECF No. 12.) Plaintiff subsequently filed an amended complaint. (ECF No. 13.)

---

[1] Plaintiff filed an application to proceed in forma pauperis (Motion, ECF No. 3), which application the Court granted. (Order, ECF No. 7.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's amended complaint is appropriate. 28 U.S.C. § 1915(e)(2).

1

In his amended complaint, as in the original complaint, Plaintiff alleges that in January 2016, he was held unlawfully at the Redington-Fairview Hospital and administered unnecessary medical treatment. Plaintiff seeks to recover for the alleged deprivation of his constitutional rights and for medical negligence. Defendants consist of Redington-Fairview Hospital, several unnamed employees of the hospital, and several unnamed members of what Plaintiff describes as a "Maine State Crisis Team."

Following a review of Plaintiff's amended complaint, I recommend the Court dismiss Plaintiff's amended complaint.[2]

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

---

[2] Because I address in this Recommended Decision the entirety of Plaintiff's amended complaint, which replaced Plaintiff's complaint, the prior recommended decision (ECF No. 8) is withdrawn.

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In considering the sufficiency of a complaint, it is appropriate for the court to review not only a plaintiff's allegations, but also facts "gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be

3

presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011). A review of Plaintiff's complaint fails to reveal a basis upon which this Court could exercise either federal question jurisdiction or diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.

Pursuant to § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Court's jurisdiction over any possible federal claim based on a constitutional deprivation would be governed by 42 U.S.C. § 1983. Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ....

As the plain language of § 1983 reflects, a claim for the deprivation of a constitutional right must be based on the conduct of a state actor.

Because in his original complaint, Plaintiff alleged claims only against a private hospital and its employees, I concluded that Plaintiff had not asserted a claim within the Court's subject matter jurisdiction. In an apparent effort to address the jurisdictional deficiency, in addition to the original defendants, Plaintiff now asserts claims against individuals who are identified as "Maine State Crisis Team Members." Plaintiff alleges the

presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011). A review of Plaintiff's complaint fails to reveal a basis upon which this Court could exercise either federal question jurisdiction or diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.

Pursuant to § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Court's jurisdiction over any possible federal claim based on a constitutional deprivation would be governed by 42 U.S.C. § 1983. Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ....

As the plain language of § 1983 reflects, a claim for the deprivation of a constitutional right must be based on the conduct of a state actor.

Because in his original complaint, Plaintiff alleged claims only against a private hospital and its employees, I concluded that Plaintiff had not asserted a claim within the Court's subject matter jurisdiction. In an apparent effort to address the jurisdictional deficiency, in addition to the original defendants, Plaintiff now asserts claims against individuals who are identified as "Maine State Crisis Team Members." Plaintiff alleges the

team members are state actors who refused to release him from the hospital. (Amended Complaint ¶¶ 43, 45, 47, 48.)

Plaintiff contends that the unnamed team members are state actors. (*Id*. ¶ 47.) Neither Plaintiff's amended complaint, nor the exhibits to the amended complaint, include alleged facts that would support a finding that the team members are employed by the State of Maine. Plaintiff alleges that the "Maine State Crisis Team is composed of workers contracted by the State of Maine, specifically the Department of Health and Human Services." (*Id*. ¶ 47.) Plaintiff's allegation suggests that the team members were operating pursuant to a contract with a state agency and were not employees of a governmental entity. In addition, the exhibits to the amended complaint, some of which Plaintiff referenced to define the team members' "job function," support the conclusion that the team members are employed by a private, nonprofit corporation.[3] (*Id*. ¶ 43.) Exhibit C is a page from the Substance Abuse and Mental Health Services Office of the Maine Department of Health and Human Services' website, entitled "Rights of Recipients of Mental Health Services; Part C – IV. Informed Consent to Treatment." Exhibit H is a copy of the Crisis and Emergency Services page of Maine Behavioral Healthcare's website. According to the Maine Department of the

---

[3] Under Rule 10(c) of the Federal Rules of Civil Procedure, "materials attached to a complaint may be considered as exhibits that are part of the complaint for determining the sufficiency of the pleadings." *Pennington Seed, Inc. v. Produce Exch. No. 299*, 457 F.3d 1334, 1342 n.4 (Fed. Cir. 2006).

Secretary of State's Bureau of Corporations, Elections and Commissions, Maine Behavioral Healthcare is a nonprofit corporation organized under the laws of Maine.[4]

Plaintiff also cites exhibits D, E, F, G, H, and I. Exhibit D is a 2018 Bangor Daily News article entitled, "DHHS quietly overhauls aid for children, adults in crisis," which does not mention Maine Behavioral Healthcare; exhibit E is the Maine DHHS website listing emergency and crisis hotline numbers; exhibit F provides phone numbers for the Maine Crisis Hotline, the National Suicide Prevention Lifeline, and a link to livechat online with a Lifeline Crisis Chat counselor; and exhibit I is a page from the Maine Behavioral Healthcare website with the Maine Crisis Hotline, as well as the crisis services the organization provides within Maine.

For purposes of the preliminary review of Plaintiff's amended complaint, Plaintiff's allegations and the attachments to the amended complaint suggest that the team members are not employed by a governmental agency, but are employed by a private non-profit corporation that was contracted by the State of Maine or perhaps Redington-Fairview Hospital to provide services.[5] The issue is whether under the circumstances, the actions of the team members or the other defendants can be deemed state action.

---

[4] Federal Rule of Evidence 201(b) provides that the Court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known or within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). I take judicial notice of the organizational status of Maine Behavioral Healthcare.

[5] *See Banco del Estado*, 942 F. Supp. at 1179 ("Based on such judicial admissions, a party may plead itself out of court…. When … an exhibit [attached to the complaint] contradicts an assertion in the complaint and reveals information which prohibits recovery as a matter of law, the information provided in the exhibit trumps the assertion in the complaint.")

The First Circuit has recognized three tests to determine whether private action can be deemed state action: the state compulsion test, the nexus/joint action test, and the public function test. *Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 5 (1st Cir. 2005). The Court explained:

> Under the state compulsion test, a private party is fairly characterized as a state actor when the state "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the [challenged conduct] must in law be deemed to be that of the State." *Blum v. Yaretsky,* 457 U.S. 991, 1004 (1982). The nexus/joint action test provides that a private party can be held to be a state actor where an examination of the totality of the circumstances reveals that the state has "so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in [the challenged activity]." *Bass v. Parkwood Hosp.,* 180 F.3d 234, 242 (5th Cir.1999) (internal quotation marks omitted) (first alteration in original); *see Perkins* [*v. Londonderry Basketball Club*]*,* 196 F.3d [13] at 21 [(1st Cir. 1999)]. And, in accordance with the public function test, a private party is viewed as a state actor if the plaintiff establishes that, in engaging in the challenged conduct, the private party performed a public function that has been "traditionally the exclusive prerogative of the State." *Blum,* 457 U.S. at 1005 (internal quotation marks omitted).

*Id.*

Here, Plaintiff has not alleged facts that would support a finding (1) that the State of Maine exercised "coercive power" in Plaintiff's admission to and treatment at Redington-Fairview Hospital; (2) that the State of Maine was a "joint participant" in Plaintiff's admission to and treatment at Redington-Fairview Hospital; or (3) that Plaintiff's admission to and treatment at Redington-Fairview Hospital constituted a public function that has been "traditionally the exclusive prerogative of the State." *Id.* In short, Plaintiff's assertion that the Maine Crisis Team Members were "contracted by the State of Maine" is insufficient to

support a finding that the team members or any of the other defendants are state actors, particularly given the information provided regarding Maine Behavioral Healthcare in the exhibits to the amended complaint. *See, e.g. Santiago v. Puerto Rico*, 655 F.3d 61, 72 ("A private party cannot be transformed into a state actor simply because it is paid with government funds for providing a service."); *Sherkat v. New England Village, Inc.*, Civil Action No. 15-cv-11074-IT, 2015 WL 8215983, at *5 (D. Mass. Dec. 8, 2015) (citing *Santiago*); *Cloutier v. City of Lowell*, 2015 WL 8751334, at *9 ("being hired and paid by a city, alone, does not constitute being 'significantly encouraged by the state'") (citing *Santiago*).[6] Because Plaintiff has not alleged facts that would support a finding that any of the defendants is a state actor, Plaintiff has not asserted a claim within the Court's federal question jurisdiction.

Plaintiff has also not asserted an actionable claim within the Court's diversity jurisdiction. Pursuant to section 1332, federal district courts also have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 … and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Where diversity jurisdiction is

---

[6] Although Plaintiff asserts that he was not involuntarily committed by the defendants (Amended Complaint ¶¶ 50, 82), even if Plaintiff's amended complaint is construed to allege the defendants' conduct resulted in an involuntary commitment, Plaintiff has not asserted an actionable federal claim. Private hospitals and medical providers who participate in involuntary commitment proceedings are not thereby transformed into state actors. *Estades-Negroni*, 412 F.3d at 4 (affirming dismissal of constitutional claim arising from the plaintiff's involuntary commitment pursuant to Puerto Rico law); *Rockwell v. Cape Cod Hosp.,* 26 F.3d 254, 261 (1st Cir. 1994) (affirming dismissal of claim arising from the plaintiff's involuntary commitment pursuant to Massachusetts law). Consistent with this principle, under Maine's involuntary commitment statute, private care providers who were involved in the involuntary commitment of an individual to a private hospital were not considered state actors. *Palm v. Sisters of Charity Health Sys.*, No. 1:07-cv-00120-JAW, 2008 WL 2229764 (D. Me. May 28, 2008), *report and recommendation adopted,* 2008 WL 2593759 (D. Me. June 30, 2008) (dismissing complaint for failure to state a claim).

established, a plaintiff may assert state law claims in federal district court. To the extent Plaintiff has asserted a state law claim, for Plaintiff's state law claim to come within this Court's diversity jurisdiction, Plaintiff and all the defendants must have been citizens of different states on the date the complaint was filed. *Aponte–Dávila v. Municipality of Caguas*, 828 F.3d 40, 46 (1st Cir. 2016) ("[d]iversity must be complete"). In his amended complaint, Plaintiff included an Albion, Maine, address as his residence.[7] (Amended Complaint, ¶ 1.) Given that Plaintiff has asserted that he is a Maine resident, given that Plaintiff has named a Maine hospital as a defendant, and given that Plaintiff has listed Maine addresses for each of the unnamed individual defendants, Plaintiff has failed to assert a claim between citizens of different states. Plaintiff thus has failed to assert a claim within the Court's diversity jurisdiction.[8]

## CONCLUSION

Based on the foregoing analysis, while Plaintiff might have asserted a state law claim against the defendants that he could pursue in state court, Plaintiff has not asserted an

---

[7] Plaintiff previously notified the Court of his new address in Newburgh, Maine. (ECF No. 11.)

[8] While Plaintiff might be able to proceed in this Court with state law claims that arise out of the same controversy as a federal claim, because Plaintiff has failed to state a federal claim, the Court should not exercise supplemental jurisdiction over Plaintiff's state law claims and should also dismiss the state law claims. 28 U.S.C § 1367(a), (c); *Marrero-Gutierrez v. Molina*, 491 F.3d 1, 7 (1st Cir. 2007) (dismissal of state law claims upon declination of supplemental jurisdiction is without prejudice). Moreover, to the extent Plaintiff attempts to assert a medical malpractice claim, Plaintiff has not alleged in his amended complaint or otherwise demonstrated that he has complied with the pre-litigation requirements of the Maine Health Security Act, 24 M.R.S. § 2851, et seq. Among other things, Plaintiff's filings lack any evidence to suggest Plaintiff served and filed a written notice of claim in accordance with or otherwise satisfied the requirements of 24 M.R.S. § 2853. Given Plaintiff's failure to demonstrate compliance with the Maine Health Security Act, which is a necessary prerequisite to the filing of a medical malpractice action, the Court would likely dismiss the malpractice claim

actionable claim within this Court's jurisdiction. Accordingly, after a review of Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's amended complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within forty-four (44) days of being served with a copy thereof.[9]

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of March, 2020.

---

even if Plaintiff stated a federal claim. *See Henderson v. Laser Spine Inst.*, 815 F. Supp. 2d 353, 383 (D. Me. 2011); *Kidder v. Richmond Area Health Ctr.*, 595 F. Supp. 2d 139, 143 (D. Me. 2009).

[9] Federal Rule of Civil Procedure 72(b)(2) provides for a 14-day objection period. The Court, however, recently extended by 30 days any deadline between the date of the order (March 18, 2020) and May 1, 2020. (General Order 2020-2.)