UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GLEN PLOURDE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   1:20-cv-00011-JAW |
| | ) |
| REDINGTON-FAIRVIEW HOSPITAL, | ) |
| et al., | ) |
| | ) |
| Defendants | ) |

**ORDER ON MOTIONS FOR LEAVE TO AMEND COMPLAINT**

After review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915(e)(2), I recommended the Court dismiss Plaintiff's complaint based on Plaintiff's failure to allege an actionable claim within the Court's jurisdiction. (Recommended Decision, ECF No. 8.) Plaintiff subsequently moved to amend his complaint;[1] the Court granted the motion and informed Plaintiff that "[u]pon the filing of the amended complaint, the Court [would] review the amended complaint in accordance with 28 U.S.C. [§] 1915." (Order, ECF No. 12.)

Following a review of the amended complaint (Amended Complaint, ECF No. 13), I concluded that the amended complaint did not cure the jurisdictional deficiencies and recommended the Court dismiss the amended complaint.[2] (Recommended Decision, ECF

---

[1] Plaintiff also filed an objection to the recommended decision. (Objection, ECF No. 9.)

[2] Because the amended complaint replaced the original complaint as the operative pleading, I also withdrew the prior recommended decision.

No. 14.) Plaintiff filed an objection to the recommended decision (Objection, ECF No. 20) and two motions to amend further his complaint. (Motions, ECF Nos. 21, 25.) After review of Plaintiff's motions, the proposed amended complaint, and the record, I deny the motions.

## FACTUAL BACKGROUND

Plaintiff's claim arises out of the circumstances that resulted in his hospitalization in January 2016. Plaintiff asserts that he was held unlawfully at the Redington-Fairview Hospital and administered unnecessary medical treatment.

In his original complaint, Plaintiff alleged claims only against a private hospital and its employees. Concluding that Plaintiff had not asserted a federal claim, I recommended the Court dismiss the complaint. In his amended complaint, Plaintiff joined individuals whom he identified as "Maine State Crisis Team Members." Plaintiff alleged the team members were state actors who refused to release him from the hospital. In the Recommended Decision, I determined that the alleged facts and exhibits filed by Plaintiff failed to establish that the members of the "Maine State Crisis Team" were state actors.

In another attempt to address the jurisdictional deficiency, Plaintiff now seeks to join as defendants the local police department and six unknown police officers. According to Plaintiff, when he was standing on the street, he was "ambushed" by an ambulance, and five or six individuals, whom Plaintiff asserts were identified in medical records as police officers and hospital employees, exited the ambulance, "kidnapped" him, and took him to the hospital. (Proposed Amended Complaint ¶¶ 37-53, ECF No. 25-1.)[3]

---

[3] Because the second motion to amend was evidently filed to include assertions not included in the proposed amended complaint filed with the first motion to amend, I have referenced the proposed amended complaint that accompanied the second motion to amend.

2

A redacted hospital record filed by Plaintiff's with his objections to the recommended decision, which record is evidently the record to which Plaintiff refers in the proposed amended complaint, states: "Called to meet with the police department on West Front Street for a male that is walking in the middle of the road and is possibly on multiple drugs." (Record, ECF No. 20-11; Record, ECF No. 24-15.) "Arrival/Asst: patient standing [redacted] and two officers are talking with him [redacted]." (*Id.*) "When the police attempted to frisk the man [redacted] he was then handcuffed and placed on a stretcher." (*Id.*) The "History of Present Illness" portion of the record states in part: "Pt. brought in police custody. Pt. found wandering in the streets and police found him and called ambulance [redacted]." (*Id.*) Under the "Presenting Problem" section, the record notes that the patient "was brought to [the hospital] via Skow PD," but the remainder of the section was redacted. (*Id.*)

## **LEGAL STANDARD**

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "once as a matter of course," subject to certain time constraints. Thereafter, leave of court is required in order to amend the complaint. Fed. R. Civ. P. 15(a)(2). In such a case, the court is to grant leave to amend "freely" when "justice so requires." *Id.* "Reasons for denying leave include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." *U.S. ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962).

A "futile" amendment is one that "would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). In other words, "if the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend." *Boston & Me. Corp. v. Hampton,* 987 F.2d 855, 868 (1st Cir. 1993).

A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In considering the sufficiency of a complaint, it is appropriate for the court to review not only a plaintiff's allegations, but also facts "gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011).

## DISCUSSION

Plaintiff correctly notes that the police officers would be considered state actors for purposes of a federal claim. Review of the proposed amended complaint, however, reveals that Plaintiff has not asserted a plausible claim against the police officers or police department.

First, Plaintiff's allegations about the individuals involved in the encounter directly contradict the factual allegations in his prior complaints. (See Original Complaint ¶ 26, Amended Complaint ¶ 31 (identifying the individuals who exited the ambulance as Redington-Fairview Hospital Crew Members, ECF Nos. 1, 13.)) Allegations within the proposed amended complaint are also in significant tension with the new allegations of an

4

ambush involving the police. (See Proposed Amended Complaint ¶¶ 108–11 (stating that Plaintiff "remains rightfully suspicious" of records indicating a police response and custody)). Such significant unexplained differences, without more, arguably justify denying leave to amend. *See ABS Indus., Inc. ex rel. ABS Litig. Tr. v. Fifth Third Bank*, 333 F. App'x 994, 1002 (6th Cir. 2009) (citing *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1325 (Fed.Cir.1998) as "affirming district court's denial of the plaintiff's motion to amend complaint for a second time because 'the new pleadings exceeded [the] permissible adjustment of factual allegations' and '[t]he allegations were changed in material ways that were not adequately explained'"); *Golden v. Mgmt. & Training Corp.*, 319 F. Supp. 3d 358, 372 (D.D.C. 2018) ("While reconcilable small variations between the complaints are acceptable, where a plaintiff blatantly changes his statement of the facts in order to respond to the defendants' motion to dismiss and directly contradicts the facts set forth in his original complaint, a court is authorized to accept the facts described in the original complaint as true") (internal quotations and modifications omitted); *Pelfrey v. Mahaffy*, No. 17-CV-80920, 2018 WL 3110794, at *5 (S.D. Fla. Feb. 2, 2018) ("The degree to which the two complaints are inconsistent is the critical inquiry. Reconcilable small variations are acceptable, but direct contradiction is not") (internal quotation marks omitted); *Cf. Colantuoni v. Alfred Calcagni & Sons, Inc.*, 44 F.3d 1, 4–5 (1st Cir. 1994) (interested witness cannot "resist summary judgment with an affidavit that is clearly contradictory [with past testimony], but does not give a satisfactory explanation of why the testimony is changed"). The differences between Plaintiff's initial allegations and his subsequent

assertions, however, are not the sole points of conflict and contradiction in Plaintiff's submissions.

While Plaintiff might maintain that medical records obtained after he filed his original and amended complaints (see Proposed Amended Complaint ¶ 45) revealed police involvement to him in more detail, the medical record referenced by and filed by Plaintiff contradicts Plaintiff's factual assertions regarding the police officers' conduct.  The record fails to support and is in direct conflict with Plaintiff's assertion that the "five or six people [who] quickly exited the ambulance and approached and surrounded the Plaintiff" (*Id.* ¶ 40), included "Skowhegan Police Department Officers." (*Id*. ¶ 45.)   The hospital record does not corroborate Plaintiff's assertion.  Rather, the record reflects that two officers were talking with Plaintiff when the ambulance arrived.[4]  The hospital record Plaintiff filed thus contradicts the facts upon which Plaintiff relies to support his claim against the officers, severely undermining the plausibility of Plaintiff's claim against the officers. *Cf. Banco del Estado v. Navistar Intern. Transp. Corp.*, 942 F. Supp. 1176, 1179 (N.D. Ill. 1996) ("Based on such judicial admissions, a party may plead itself out of court….  When … an exhibit [attached to the complaint] contradicts an assertion in the complaint and reveals information which prohibits recovery as a matter of law, the information provided in the exhibit trumps the assertion in the complaint"); *see also, Simon v. Plymouth Police Dep't*, No. CV 15-11788-PBS, 2015 WL 12953234, at *3 (D. Mass. Dec. 1, 2015) (noting that

---

[4] The medical record states that Plaintiff was eventually handcuffed, but the portions of the record immediately preceding the reference to the handcuffing were redacted. (Record at 1, 2, ECF No. 24-15.) One can reasonably infer that the redacted portions describe Plaintiff's actions just prior to the point he was handcuffed.

documents integral to a claim, such as contracts, necessarily trump allegations, but exhibits that are not themselves the subject of a claim "are properly considered part of the pleadings for all purposes" but are not necessarily adopted in their entirely by their mere inclusion in the record).

Furthermore, when the contradictions within Plaintiff's pleadings and between his assertions and the medical record are examined in the context of Plaintiff's proposed amended complaint, the prior versions of Plaintiff's complaint, and the various exhibits to the proposed amended complaint, the implausibility of Plaintiff's allegations regarding the actions of the police officers is apparent. Plaintiff's assertion that the unknown police officers were among the individuals who exited the ambulance and "ambushed" him, even though the medical record directly contradicts the assertion, is similar to the implausible incidents described in some of the exhibits. For instance, the letters to government officials, attached to Plaintiff's motion and proposed amended complaint, include many assertions that can reasonably be construed as the type of allegations that would be subject to dismissal under the Supreme Court's analysis in *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). *See also*, *Flores v. U.S. Atty. Gen.*, No. 2:13-CV-00053-DBH, 2013 WL 1122719, at *2 (D. Me. Feb. 26, 2013).[5]

In sum, given the implausible allegations in Plaintiff's pleadings and exhibits in this case, leave to amend to permit Plaintiff to join and assert claims against the unknown police officers and their police department would be futile. *See Lamb v. Cuomo*, 698 F. App'x 1,

---

[5] See ECF Nos. 25-2, 25-, 25-4.

2 (2d Cir. 2017) ("[G]iven the wholly incredible nature of the alleged facts upon which appellants' claims are based, the District Court reasonably concluded that granting leave to amend would be futile"); *Adams v. US States Treasury Sec'y*, 655 F. App'x 890, 891 (3d Cir. 2016) (the "muddled and frivolous allegations underscored that it would be pointless to allow [Plaintiff] to amend"); *Gary v. U.S. Gov't*, 540 F. App'x 916, 918 (11th Cir. 2013) ("any amendment would have been futile, as none of [Plaintiff's] allegations are credible or rational"); *Adams v. Rubinstein*, Nos. 15-cv-3532 (JG)(LB), 15-cv-3647 (JG)(LB), 15-cv-3968 (JG)(LB), 2015 WL 5021740 at *3 (E.D.N.Y. Aug. 24, 2015) (dismissing three complaints, concluding that it would be futile to grant leave to amend "because the complaints are based on fanciful factual scenarios that could not be cured by amendment.")

## CONCLUSION

Based on the foregoing analysis, because Plaintiff's proposed amendments would be futile, Plaintiff's motions to amend are denied.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of September, 2020.