**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| GLEN PLOURDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:20-cv-00011-JAW |
| ) | |
| REDINGTON-FAIRVIEW ) | |
| HOSPITAL, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

A pro se plaintiff alleges that while out for a late-night stroll, he was suddenly beset upon, hog-tied, kidnapped and forcibly transported by municipal police to a local hospital where he was sedated and admitted against his will. These uncommon allegations stand at the very edge of dismissal under 28 U.S.C. § 1915. Nevertheless, applying the screening standards of § 1915, the Court concludes it would be better to gain a broader perspective of these events and for the Court to find at this preliminary stage that they could not be true would be to enforce the Court's innate skepticism, not the standards of the statute. The Court therefore declines to dismiss most of the complaint under § 1915, but it will not allow some allegations to go forward because under the law they may not, even if true.

**I.  BACKGROUND**

    **A.  Procedural History**

On January 10, 2020, Glen Plourde filed a pro se complaint against Redington-Fairview General Hospital (Redington-Fairview) in Skowhegan, Maine, and eleven

Redington-Fairview employees—five unknown hospital ambulance crew members and six unknown hospital nurses—in connection with treatment he received from Redington-Fairview in January 2017. *Compl.* (ECF No. 1). He argues Redington-Fairview "kidnapped" him off the street, forcibly transferred him to the hospital, held him against his will, and coerced him into receiving treatment for ten days before transferring him to Northern Light Acadia Hospital in Bangor, Maine.[1] *Id.* ¶¶ 19-101. He asserted claims under 42 U.S.C. § 1983, alleging violation of his Fourth Amendment rights, as well as various state law claims. *Id.* ¶¶ 102-109. He applied to proceed in forma pauperis, *Appl. to Proceed in District Court Without Prepaying Fees or Costs* (ECF No. 3), which the Court granted. *Order Granting Mot. for Leave to Proceed In Forma Pauperis* (ECF No. 7).

The Magistrate Judge conducted a preliminary review of the complaint under 28 U.S.C. § 1915(e)(2), and on January 21, 2020 issued a recommended decision, recommending the Court dismiss Mr. Plourde's complaint without prejudice for lack of subject matter jurisdiction. *Recommended Decision After Review of Pl.'s Compl.* (ECF No. 8) (*Initial Recommended Decision*). The Magistrate Judge concluded that a § 1983 claim must be based on the conduct of a state actor, but Mr. Plourde's alleged claims are against a private hospital and its employees or agents, and therefore Mr. Plourde had not asserted an actionable § 1983 claim within the Court's federal

---

[1] Mr. Plourde's subsequent treatment at Northern Light Acadia Hospital is the subject of a separate lawsuit that this Court dismissed for lack of subject matter jurisdiction. *Plourde v. Northern Light Acadia Hospital*, No. 1:20-cv-00043-JAW, *Order Affirming Recommended Decision Dismissing Pl.'s Compl. and Denying Mot. for Leave to Amend Compl.* (ECF No. 28). Mr. Plourde appealed the decision and the appeal is currently before the Court of Appeals for the First Circuit. *Id.*, *Notice of Appeal* (ECF No. 32).

question jurisdiction.[2] *Id*. at 4. On February 4, 2020, Mr. Plourde objected. *Obj. and Mem. to Recommended Decision* (ECF No. 9).

That same day, Mr. Plourde moved for leave to amend his complaint, *Mot. for Leave to Amend Compl. Pursuant to Federal Rule of Civil Procedure 15(a)(2)* (ECF No. 10), which the Magistrate Judge granted. *Order Granting Mot. for Leave to File Am. Compl.* (ECF No. 12). On March 2, 2020, Mr. Plourde filed his amended complaint, which added five unnamed "Maine State Crisis Team Members" as defendants. *Am. Compl.* (ECF No. 13) (*First Am. Compl.*).

On March 27, 2020, following a 28 U.S.C. § 1915(e)(2) review of Mr. Plourde's amended complaint, the Magistrate Judge issued a recommended decision, recommending the Court dismiss the First Amended Complaint without prejudice due to lack of subject matter jurisdiction because Mr. Plourde had not sufficiently alleged that the Maine State Crisis Team Members were state actors. *Recommended Decision After Review of Pl.'s Am. Compl.* (ECF No. 14) (*Recommended Decision*).[3] Mr. Plourde filed two objections to the Recommended Decision—one on May 11, 2020 and another on June 1, 2020. *Obj. and Mem. to Recommended Decision* (ECF Nos. 20, 24). On May 11, 2020 and June 1, 2020, Mr. Plourde also filed motions for leave to amend his complaint, seeking to add unidentified Maine State Police Officers as

---

[2] Mr. Plourde does not argue diversity jurisdiction exists, and thus his complaint relies on federal question jurisdiction. *See Obj. and Mem. to Recommended Decision* at 2 (ECF No. 9) ("[Mr. Plourde] also agrees with [Magistrate] Judge Nivison that his complaint does not fall under the Diversity Jurisdiction described in 28 U.S.C. §1332").
[3] Because the Magistrate Judge's Recommended Decision addressed the entirety of Mr. Plourde's amended complaint, which replaced his original complaint, the Magistrate Judge withdrew his Initial Recommended Decision (ECF No. 8).

defendants. *Mot. for Leave to Amend Compl. Pursuant to Federal Rule of Civil Procedure 15(a)(2)* (ECF Nos. 21, 25).

On September 10, 2020, the Magistrate Judge denied the two motions for leave to file an amended complaint because while police officers are state actors for purposes of 42 U.S.C. § 1983, Mr. Plourde's new allegations regarding the police "directly contradict the factual allegations in his prior complaints" and are contradicted by the record. *Order on Mots. for Leave to Amend Compl.* at 4-7 (ECF No. 31). Therefore, the Magistrate Judge concluded "given the implausible allegations in [Mr. Plourde's] pleadings and exhibits in this case, leave to amend to permit [Mr. Plourde] to join and assert claims against unknown police officers and their police department would be futile." *Id.* at 7. Mr. Plourde objected to the order on September 28, 2020. *Objs. to 9/10/20 Order Denying Leave to Amend Compl.* (ECF No. 33).

Also on September 28, 2020, Mr. Plourde filed two more motions for leave to file an amended complaint. The first motion attached a proposed amended complaint, almost identical to the May 11, 2020 proposed amended complaint, but removing several attachments and excerpting all references to those attachments to avoid a dismissal pursuant to *Denton v. Hernandez*, 504 U.S. 25 (1992). *Mot. for Leave to Amend Compl. Pursuant to Federal Rule of Civil Procedure 15(a)(2)* (ECF No. 34). The other motion attached a proposed amended complaint that removes the Skowhegan Police Department and Skowhegan Police Officers as defendants. *Mot.*

4

*for Leave to Amend Complaint Pursuant to Federal Rule of Civil Procedure 15(a)(2)* (ECF No. 35).

On December 4, 2020, the Court noted that Mr. Plourde had five potentially pending complaints naming different defendants and stating different claims, and reasoned that "[t]o address Mr. Plourde's contentions, the Court needs to know exactly whom he is suing and what he is claiming." *Order* at 5 (ECF No. 38). Accordingly, the Court ordered Mr. Plourde to file "a formal document with the Court, informing the Court on which of the multiple complaints now pending he wishes to proceed, or alternatively, filing a final motion for leave to amend his complaint and attaching a final amended complaint to replace all pending and proposed complaints." *Id.* at 6. On January 15, 2021, the Court issued an order addressing several pending motions and objections, and sua sponte extended the time for Mr. Plourde to file an amended complaint. *Order on Pending Mots.* (ECF No. 47).

On February 1, 2021, Mr. Plourde filed several motions and notices. In response to the Court's orders, Mr. Plourde filed a motion for leave to amend his complaint. *Mot. for Leave to Amend Compl. Pursuant to the Court['s] 12/04/20 Order (ECF No. 38)* (ECF No. 48) (*Mot. for Leave*). He separately filed his proposed second amended complaint. *Am. Compl.* (ECF No. 49) (*Second Am. Compl.*). In addition, Mr. Plourde filed a motion to add Skowhegan Police Officers as defendants through joinder. *Mot. for Skowhegan Police Officers to Be Added as Defs. to 1:20-CV-00011-JAW Through Joinder Pursuant to Fed. R. Civ. P. 20 & 21* (ECF No. 50). Finally, Mr. Plourde filed two notices, addressing deficiencies identified by the Magistrate

5

Judge in his September 10, 2020 order denying Mr. Plourde leave to amend, and notifying the Court that he filed his new complaint under duress. *Notice to the Ct. Regarding the Pl.'s 01/29/21 Compl.* (ECF No. 51); *Notice to the Ct. that Am. Compl. 01/29/21 Is Filed Under Duress* (ECF No. 52).

### B.     Second Amended Complaint

In his Second Amended Complaint, Mr. Plourde asserts claims against the following defendants: (1) Redington-Fairview General Hospital, (2) Unknown Redington-Fairview Hospital Ambulance Crew Members #1-6, (3) Unknown Redington-Fairview Hospital Nurses #1-6 (collectively, Redington-Fairview Defendants); (4) Skowhegan Police Department, (5) Unknown Skowhegan Police Officers #1-6 (collectively, Skowhegan Police Defendants); (6) Crisis and Counseling Centers, Inc., (7) Unknown Maine State Crisis Employees #1-6 (collectively, Crisis Defendants).

Mr. Plourde's Second Amended Complaint contains the following eight counts:

(1) Count I – 42 U.S.C. § 1983 – Deprivation of United States Constitutional Rights – Skowhegan Police Defendants and Unknown Maine State Crisis Team Members #1-6;

(2) Count II – 5 M.R.S. § 4682 – Intentional Deprivation of United States Constitutional Rights – All Defendants;

(3) Count III – 5 M.R.S. § 4682 – Intentional Deprivation of Maine State Constitutional Rights – All Defendants;

(4) Count IV – 24 M.R.S. § 2853 – Medical Malpractice – All Defendants;

6

(5) Count V – 17-A M.R.S. § 301 – Kidnapping – Skowhegan Police Defendants and Unknown Maine State Crisis Team Members #1-6;

(6) Count VI – 17-A M.R.S. § 301 – Assault – Skowhegan Police Defendants and Unknown Maine State Crisis Team Members #1-6;

(7) Count VII – 17-A M.R.S. § 456 – Tampering with Information – All Defendants;

(8) Count VIII – 17-A M.R.S. § 455 – Falsification of Physical Evidence – All Defendants.

## II. LEGAL STANDARD

While the federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for persons unable to pay the costs of bringing an action, Congress directed that a district court "shall" dismiss "at any time" cases or claims proceeding in forma pauperis, if the court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose is "to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, a pro se plaintiff's complaint must be read liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and "the district court must give the plaintiff the benefit of all the suggested facts and must indulge all reasonable inferences in his favor." *Johnson v. Rodriguez*, 943 F.2d 104, 107 (1st Cir. 1991).

### III.   DISCUSSION

The Court concludes that Mr. Plourde's Second Amended Complaint states a plausible § 1983 claim against the Skowhegan Police Officers, and thus this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 with supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367.  Therefore, the Court will allow Mr. Plourde to amend his complaint consistent with this Order.  *See Mot. for Leave.*  The Court proceeds to review Mr. Plourde's Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).

#### A.   Count 1 – § 1983 Claim

Mr. Plourde's Second Amended Complaint seeks to add 42 U.S.C. § 1983 claims against the Skowhegan Police Department, six unnamed Skowhegan Police Officers, and six unnamed Maine State Crisis Team Members.  *Second Am. Compl.* ¶¶ 141-42.  Mr. Plourde alleges the named defendants "deprived him of his Fourth Amendment Rights . . . through unlawful seizure of his person . . .."  *Id.*  While Mr. Plourde did not include the claims against the Skowhegan Police Defendants in his First Amended Complaint, the Court accepts his contention that he only learned about the police's involvement on May 8, 2020, nearly two months after he filed his First Amended Complaint.

##### 1.   Skowhegan Police Department

The Court concludes that Mr. Plourde's Second Amended Complaint fails to state a plausible claim against the Skowhegan Police Department.  The Skowhegan Police Department is an arm of a municipal entity—the town of Skowhegan—and is

not independently liable under 42 U.S.C. § 1983.  *See Doyle v. Falmouth Police Dep't*, No. 2:14-cv-259-JDL, 2015 U.S. Dist. LEXIS 12994, at *7-8 (D. Me. Feb. 4, 2015) ("[A] town's police department is not a separate entity from the town itself, and is therefore not a proper party to a suit"); *Cambron v. Brewer Police Dep't*, No. 1:13-cv-00004-JAW, 2013 U.S. Dist. LEXIS 170297, at *6 (D. Me. June 18, 2013), *aff'd* 2013 U.S. Dist. LEXIS 169203 (D. Me. Dec. 2, 2013) (holding that a police department "is not an entity with the legal capacity to sue or be sued, and should be dismissed from the case for that reason").  For this reason alone, the Skowhegan Police Department should be dismissed from this lawsuit.

Even if Mr. Plourde properly named the town of Skowhegan, to establish liability against the Town, Mr. Plourde "not only must demonstrate an underlying constitutional violation, but also must show that the violation was caused by a municipal policy, custom, or practice."  *Shuper v. Austin*, No. 2:14-cv-00317-JAW, 2014 U.S. Dist. LEXIS 173645, at *25-26 (D. Me. Dec. 15, 2014) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).  Mr. Plourde has not alleged any policy, custom, or practice of the town of Skowhegan or the Skowhegan Police Department violating his constitutional rights, and thus he fails to state a plausible claim against either the town of Skowhegan or its police department.  The Court dismisses all Counts against the Skowhegan Police Department.

### 2. Skowhegan Police Officers

The Court concludes that Mr. Plourde's Second Amended Complaint states a plausible § 1983 claim against the six unnamed Skowhegan Police Officers.  The

Second Amended Complaint alleges that on the evening of January 10, 2017, Mr. Plourde was enjoying a walk in downtown Skowhegan when he was "verbally engaged" by a young woman who "was shouting derogatory and inflammatory statements" at Mr. Plourde. *Second Am. Compl.* ¶¶ 34-35. He alleges that he "shouted something non-confrontational back at her exactly once." *Id.* ¶ 35. He then carried on with his night, sitting on a park bench "for 10-15 minutes enjoying the crisp winter air and starry, moonlit night" before beginning to walk back to his apartment. *Id.* ¶ 36.

His idyllic night takes an abrupt turn for the worse. He alleges an ambulance stopped in the road in front of him and five or six uniformed people got out and "immediately handcuffed [him] behind his back but did not identify themselves in any manner whatsoever." *Id.* ¶¶ 37-44. He further alleges that the unidentified individuals "placed [him] in four-point restraints ('hog-tied'), and violently dragged [him] across the pavement towards the rear of the ambulance." *Id.* ¶ 50. He claims he was "then restrained in a gurney and once inside the ambulance, was given an unknown injection that rendered him immediately unconscious" before being transferred to Redington-Fairview Hospital. *Id.* ¶ 52.

Based on these allegations and reviewed liberally under § 1915(e)(2), the Court concludes Mr. Plourde's action is not "frivolous or malicious" and does "state a claim on which relief may be granted." Accepting his allegations as true, in the Second Amended Complaint, Mr. Plourde recounts a tale of being ambushed by police officers while on a nighttime stroll, handcuffed, dragged across the pavement, restrained in

10

an ambulance, and forcefully medicated before being transferred to a hospital against his will. The Skowhegan Police Officers are considered state actors for purposes of § 1983.

The Court acknowledges that this Complaint stands on the edge of § 1915 dismissal. A complaint or claim is "factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. As municipal police officers in Maine are not in the habit of grabbing well-behaved pedestrians off the streets, hog-tying them, and hauling them to hospitals, and hospital personnel do not routinely forcefully sedate and involuntarily admit people without a good reason, the Court suspects there is much more to this story.

Nevertheless, while in the cold light of day, the story may seem unlikely, based on his repeated filings, the Court suspects that Mr. Plourde firmly believes his allegations. Therefore, a § 1915 dismissal would be grounded on the Court's skepticism based on what usually happens, not on what Mr. Plourde alleges occurred in his case. In sum, the Court reviews Mr. Plourde's proposed amended complaint and concludes it would be inappropriate to sua sponte dismiss the § 1983 count against the Skowhegan Police Officers at this point in the case. *See Denton*, 504 U.S.

at 32-33 ("An in forma pauperis complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely"). The Court concludes that it would be better to gain a more complete understanding of the events of January 10, 2017 from a perspective other than Mr. Plourde's alone.

### 3. Maine State Crisis Team Members

The Court agrees with the Magistrate Judge for the reasons stated in his Recommended Decision that Mr. Plourde has not sufficiently alleged that the Maine State Crisis Team Members are state actors. *See Recommended Decision* at 6-9. Private actors who are involved in the involuntary commitment process are not state actors. *Palm v. Sisters of Charity Health Sys.*, Civil No. 07-120-B-W, 2008 U.S. Dist. LEXIS 42287, at *6-14 (D. Me. May 28, 2008), *aff'd*, 2008 U.S. Dist. LEXIS 50128 (D. Me. June 30, 2008). Therefore, the Court dismisses Count 1 as to the Maine State Crisis Team Members.[4]

### B. Counts 2 and 3 – Intentional Deprivation of Constitutional Rights

Mr. Plourde asserts claims under the Maine Civil Rights Act (MCRA), 5 M.R.S. § 4682, claiming that all defendants have intentionally deprived him of his Fourth Amendment Rights under the United States Constitution and his Article 1 Section 5 Rights under the Maine Constitution.[5] *Second Am. Compl.* ¶¶ 143-46. "The Maine

---

[4] In Count 1 of the Second Amended Complaint, Mr. Plourde brings § 1983 claims against the Maine State Crisis Team Members but does not include defendant Crisis and Counseling Centers, Inc., the alleged employer of the Maine State Crisis Team Members. *Second Am. Compl.* ¶¶ 141-42. Even if included in Count 1, Mr. Plourde could not proceed against Crisis and Counseling Centers, Inc. because it is similarly not a state actor.

[5] "Article I, section 5 of the Maine Constitution provides protections that are coextensive with the Fourth Amendment." *Fagre v. Parks*, 985 F.3d 16, 24-25 (1st Cir. 2021) (quoting *State v. Martin*, 2015 ME 91, ¶ 17 n.2, 120 A.3d 113, 118 n.2). Article 1, Section 5 of the Maine Constitution reads:

Civil Rights Act, like section 1983, authorizes civil actions by private parties for intentional violations of a person's constitutional rights through actual or threatened violence, damage, or destruction of property or trespass." *Fowles v. Stearns*, 886 F. Supp. 894, 901 (D. Me. 1995). Because the Court agrees with the Magistrate Judge's conclusion that the Redington-Fairview Defendants and the Crisis Defendants are not state actors, the Court dismisses these counts as to those defendants. The Court will allow the claims to proceed as to the Skowhegan Police Officers for the reasons described above. *See Cady v. Walsh*, 753 F.3d 348, 356 n.6 (1st Cir. 2014) (citing *Berube v. Conley*, 506 F.3d 79, 85 (1st Cir. 2007) ("The disposition of a 42 U.S.C. § 1983 claim also controls a claim under the MCRA").

### C.    Count 4 – Medical Malpractice

Mr. Plourde asserts that all defendants engaged in intentional medical malpractice under the Maine Health Security Act (MHSA), 24 M.R.S. § 2501 et seq. *Second Am. Compl.* ¶¶ 147-48. That statute includes specific notice provisions and Mr. Plourde has not alleged compliance with those notice provisions, but the Court does not reach the notice issue at this stage. *See* 24 M.R.S. § 2853. The Court allows Mr. Plourde to proceed with his medical malpractice claim.

### D.    Counts 5, 6, 7, and 8 – Maine State Tort Claims

Mr. Plourde asserts two claims under the Maine Criminal Code (MCC), 17-A M.R.S. § 301—kidnapping and assault—against the Skowhegan Police Defendants

---

"The people shall be secure in their persons, houses, papers and possessions from all unreasonable searches and seizures; and no warrant to search any place, or seize any person or thing, shall issue without a special designation of the place to be searched, and the person or thing to be seized, nor without probable cause -- supported by oath or affirmation." ME. CONST., art. 1, § 5.

13

and the Maine State Crisis Team Members. *Second Am. Compl.* ¶¶ 149-52. He also asserts MCC claims against all defendants for tampering with information, pursuant to 17-A M.R.S. § 456, and falsification of physical evidence, pursuant to 17-A M.R.S. § 455. *Id.* ¶¶ 146-49. Mr. Plourde, however, cannot enforce Maine criminal law. Only the state of Maine can bring actions under the MCC and those actions may not be brought in federal court. However, construing Mr. Plourde's complaint liberally, the factual allegations of his MCC claims may fall under the MHSA umbrella.[6] Maine's courts have interpreted the MHSA expansively to "fully occupy the field of claims brought against the health care providers." *Dutil v. Burns*, 674 A.2d 910, 911 (Me. 1996). To proceed under the MHSA, Mr. Plourde must also comply with the notice provision of the MHSA and Mr. Plourde has not alleged compliance with the MHSA notice provisions, but the Court does not reach that issue here. *See* 24 M.R.S. § 2853.

As to the Skowhegan Police Officers, the Court will allow Mr. Plourde to proceed, not under the state criminal law statutes he proposes but pursuant to the Maine Tort Claims Act (MTCA), 14 M.R.S. § 8101 et seq. The MTCA, however, has its own notice provision and Mr. Plourde has not alleged compliance with MTCA notice provisions. *See* 14 M.R.S. § 8107. The Court will allow these claims to proceed at this stage and does not reach the issue of whether Mr. Plourde has complied with the notice provision.

---

[6] The MHSA defines "action for professional negligence" as "any action for damages for injury or death against any health care provider, its agents or employees, or health care practitioner or the health care practitioner's agents or employees, whether based upon tort or breach of contract or otherwise, arising out of the provision or failure to provide health care services." 24 M.R.S. § 2502(6).

### E. Unknown Defendants

Mr. Plourde asserts claims against six unknown Skowhegan police officers, six unknown Redington-Fairview ambulance crew members, six unknown Redington-Fairview nurses, and six unknown Maine State Crisis employees.

As to the Skowhegan Police Officers, the Court will allow Mr. Plourde to perform limited discovery directed to the Skowhegan Police Department. Because the Court dismisses the Skowhegan Police Department from the lawsuit, the Skowhegan Police Department is no longer a party to this action. The Court authorizes Mr. Plourde to subpoena records from the non-party Skowhegan Police Department to determine the names of the officers involved in his stop and transportation to Redington-Fairview in January 2017. If the records subpoena is unsuccessful, he can return to the Court with a proposal for other third party discovery against the Skowhegan Police Department. The Court will give Mr. Plourde sixty days from the date of this Order to conduct limited discovery as described and file an amended complaint with the names of the involved police officers.

Unlike the Skowhegan Police Department, Redington-Fairview and Crisis and Counseling Centers, Inc. are still parties. The Court concludes that the names of the individual Redington-Fairview Defendants and the Maine State Crisis Team Members should be ascertainable through the discovery process and does not require a separate discovery order.

## IV.  CONCLUSION

The Court GRANTS Glen Plourde's Motion for Leave to Amend Complaint Pursuant to the Court's 12/04/20 Order (ECF No. 48).  As the Court has granted Mr. Plourde's most recent motion for leave to amend, the Court DENIES his previously filed Motions for Leave to Amend Complaint Pursuant to Federal Rule of Civil Procedure 15(a)(2) (ECF Nos. 34, 35).  Because Mr. Plourde's newly filed Second Amended Complaint already includes claims against the Skowhegan Police Officers, there is no need to separately join the police officers, and so the Court DENIES Glen Plourde's Motion for Skowhegan Police Officers to Be Added as Defendants to 1:20-CV-00011-JAW Through Joinder Pursuant to Fed. R. Civ. P. 20 & 21 (ECF No. 50).

It is further ORDERED that the Magistrate Judge's Order on the Motions for Leave to Amend Complaint be and hereby is DISMISSED as moot (ECF No. 31).  As the order is now moot, the Court OVERRULES Glen Plourde's Objections to 09/10/20 Order Denying Leave to Amend Complaint (ECF No. 33)

The Court has performed a § 1915(e)(2) review of Mr. Plourde's most recent complaint and concludes that the Second Amended Complaint states multiple claims upon which Mr. Plourde may proceed at this stage.  The Court allows all claims against the Skowhegan Police Officers to proceed, DISMISSES all counts against the Skowhegan Police Department, DISMISSES Counts 1, 2, and 3 against the Maine State Crisis Team Members, and DISMISSES Counts 2 and 3 against all defendants except the Skowhegan Police Officers.

The Magistrate Judge's Recommended Decision was based on the First Amended Complaint, which has been replaced by the operative Second Amended Complaint. Accordingly, it is ORDERED that the Recommended Decision of the Magistrate Judge be and hereby is DISMISSED as moot (ECF No. 14).

The Court ORDERS Mr. Plourde to file an amended complaint with the names of the Skowhegan Police Officers within sixty days of the date of this Order.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 10th day of March, 2021