UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GLEN PLOURDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00011-JAW |
| | ) | |
| REDINGTON-FAIRVIEW HOSPITAL, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING FIFTH AMENDED COMPLAINT**

A pro se plaintiff proceeding in forma pauperis filed a complaint against a local hospital and others involved in a January 2017 incident in which he claims he was kidnapped off a public street in the middle of the night and forcibly transported to the hospital where he was sedated and admitted against his will. Since then, the plaintiff filed seven motions to amend his complaint and finally elected to proceed under his fifth amended complaint. The plaintiff asserts this Court has federal question jurisdiction because the fifth amended complaint alleges a claim under 42 U.S.C. § 1983.

The Court reviewed the fifth amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and concludes that the complaint fails to allege claims against a state actor for purposes of § 1983. Without a viable federal claim, the Court declines to assert supplemental jurisdiction over the pendent state-law claims. The Court therefore dismisses the fifth amended complaint without prejudice.

## I. BACKGROUND

### A. Procedural History

On January 10, 2020, Glen Plourde filed a pro se complaint against Redington-Fairview General Hospital (Redington-Fairview) in Skowhegan, Maine, and eleven Redington-Fairview employees—five unknown hospital ambulance crew members and six unknown hospital nurses—in connection with treatment he received from Redington-Fairview in January 2017. *Compl.* (ECF No. 1). In the complaint, he claimed Redington-Fairview "kidnapped" him off the street, forcibly transferred him to the hospital, held him against his will, and coerced him into receiving treatment for ten days before transferring him to Northern Light Acadia Hospital in Bangor, Maine.[1] *Id.* ¶¶ 19-101. He asserted claims under 42 U.S.C. § 1983, alleging violation of his Fourth Amendment rights, as well as various state law claims. *Id.* ¶¶ 102-09. He applied to proceed in forma pauperis, *Appl. to Proceed in District Ct. Without Prepaying Fees or Costs* (ECF No. 3), which the Court granted, *Order Granting Mot. for Leave to Proceed In Forma Pauperis* (ECF No. 7).

The Magistrate Judge conducted a preliminary review of the complaint under 28 U.S.C. § 1915(e)(2), and on January 21, 2020 issued a recommended decision, recommending the Court dismiss Mr. Plourde's complaint without prejudice for lack of subject matter jurisdiction. *Recommended Decision After Review of Pl.'s Compl.*

---

[1] Mr. Plourde's subsequent treatment at Northern Light Acadia Hospital is the subject of a separate lawsuit that this Court dismissed for lack of subject matter jurisdiction. *Plourde v. Northern Light Acadia Hospital*, No. 1:20-cv-00043-JAW, *Order Affirming Recommended Decision Dismissing Pl.'s Compl. and Denying Mot. for Leave to Amend Compl.* (ECF No. 28). Mr. Plourde appealed the decision and the appeal is currently before the Court of Appeals for the First Circuit. *Id.*, *Notice of Appeal* (ECF No. 32).

2

(ECF No. 8) (*Initial Recommended Decision*). The Magistrate Judge concluded that a § 1983 claim must be based on the conduct of a state actor but Mr. Plourde's alleged claims were against a private hospital and its employees or agents, and therefore Mr. Plourde had not asserted an actionable § 1983 claim within the Court's federal question jurisdiction.[2] *Id.* at 4. On February 4, 2020, Mr. Plourde objected. *Obj. and Mem. to Recommended Decision* (ECF No. 9).

That same day, Mr. Plourde moved for leave to amend his complaint, *Mot. for Leave to Amend Compl. Pursuant to Federal Rule of Civil Procedure 15(a)(2)* (ECF No. 10), which the Magistrate Judge granted, *Order Granting Mot. for Leave to File Am. Compl.* (ECF No. 12). On March 2, 2020, Mr. Plourde filed his amended complaint, which added five unnamed "Maine State Crisis Team Members" as defendants. *Am. Compl.* (ECF No. 13) (*First Am. Compl.*).

On March 27, 2020, following a 28 U.S.C. § 1915(e)(2) review of Mr. Plourde's amended complaint, the Magistrate Judge issued a recommended decision, recommending the Court dismiss the First Amended Complaint without prejudice due to lack of subject matter jurisdiction because Mr. Plourde had not sufficiently alleged that the Maine State Crisis Team Members were state actors. *Recommended Decision After Review of Pl.'s Am. Compl.* (ECF No. 14) (*Recommended Decision*).[3] Mr. Plourde filed two objections to the Recommended Decision—one on May 11, 2020

---

[2] Mr. Plourde does not argue diversity jurisdiction exists, and thus his complaint relies on federal question jurisdiction. *See Obj. and Mem. to Recommended Decision* at 2 (ECF No. 9) ("[Mr. Plourde] also agrees with [Magistrate] Judge Nivison that his complaint does not fall under the Diversity Jurisdiction described in 28 U.S.C. § 1332").

[3] Because the Magistrate Judge's Recommended Decision addressed the entirety of Mr. Plourde's amended complaint, which replaced his original complaint, the Magistrate Judge withdrew the Initial Recommended Decision (ECF No. 8).

3

and another on June 1, 2020. *Obj. and Mem. to Recommended Decision* (ECF Nos. 20, 24). On May 11, 2020 and June 1, 2020, Mr. Plourde also filed two motions for leave to amend his complaint, seeking to add unidentified Skowhegan Police Officers as defendants. *Mot. for Leave to Amend Compl. Pursuant to Federal Rule of Civil Procedure 15(a)(2)* (ECF Nos. 21, 25).

On September 10, 2020, the Magistrate Judge denied the two motions for leave to file an amended complaint because while police officers are state actors for purposes of 42 U.S.C. § 1983, Mr. Plourde's new allegations regarding the police "directly contradict the factual allegations in his prior complaints" and are contradicted by the record. *Order on Mots. for Leave to Amend Compl.* at 4-7 (ECF No. 31). Therefore, the Magistrate Judge concluded "given the implausible allegations in [Mr. Plourde's] pleadings and exhibits in this case, leave to amend to permit [Mr. Plourde] to join and assert claims against unknown police officers and their police department would be futile." *Id.* at 7. On September 28, 2020, Mr. Plourde objected to the order. *Objs. to 9/10/20 Order Denying Leave to Amend Compl.* (ECF No. 33).

Also on September 28, 2020, Mr. Plourde filed two more motions for leave to file an amended complaint. The first motion attached a proposed amended complaint, almost identical to the May 11, 2020 proposed amended complaint, but removing several attachments and excerpting all references to those attachments to avoid a dismissal pursuant to *Denton v. Hernandez*, 504 U.S. 25 (1992). *Mot. for Leave to Amend Compl. Pursuant to Federal Rule of Civil Procedure 15(a)(2)* (ECF No. 34).

4

The other motion attached a proposed amended complaint that removed the Skowhegan Police Department and Skowhegan Police Officers as defendants. *Mot. for Leave to Amend Compl. Pursuant to Federal Rule of Civil Procedure 15(a)(2)* (ECF No. 35).

On December 4, 2020, the Court noted that Mr. Plourde had five potentially pending complaints naming different defendants and stating different claims, and reasoned that "[t]o address Mr. Plourde's contentions, the Court needs to know exactly whom he is suing and what he is claiming." *Order* at 5 (ECF No. 38). Accordingly, the Court ordered Mr. Plourde to file "a formal document with the Court, informing the Court on which of the multiple complaints now pending he wishes to proceed, or alternatively, filing a final motion for leave to amend his complaint and attaching a final amended complaint to replace all pending and proposed complaints." *Id.* at 6. On February 1, 2021, Mr. Plourde filed a motion for leave to amend his complaint, seeking to add the Skowhegan Police Officers as defendants. *Mot. for Leave to Amend Compl. Pursuant to The Court['s] 12/04/20 Order (ECF No. 38)* (ECF No. 48). In that motion, Mr. Plourde wrote that he "wishes 01/29/21 Am. Compl. to be received as operative pleading." *Id.* at 1.

On March 10, 2021, the Court granted Mr. Plourde's motion for leave to amend his complaint and accepted the Second Amended Complaint as the operative complaint, dismissing some claims and allowing others to proceed. *Order* at 16 (ECF No. 53); *Am. Compl.* (ECF No. 49) (*Second Am. Compl.*). The Court also dismissed Magistrate Judge Nivison's Recommended Decision as moot because that decision

was based on a § 1915 review of the First Amended Complaint. *Order* at 16. While the Court noted that the Second Amended Complaint's "uncommon allegations stand at the very edge of dismissal under 28 U.S.C. § 1915," it concluded that "it would be better to gain a broader perspective of these events and for the Court to find at this preliminary stage that they could not be true would be to enforce the Court's innate skepticism, not the standards of the statute." *Id.* at 1. The Court reasoned that the Maine State Crisis Team Members were not state actors for purpose of § 1983, but since the Recommended Decision, Mr. Plourde had added a plausible § 1983 claim against several unnamed Skowhegan Police Officers, and thus this Court had federal question jurisdiction. *Id.* at 9-12. Because the identities of the Skowhegan Police Officers were unknown, the Court "authorize[d] Mr. Plourde to subpoena records from the non-party Skowhegan Police Department to determine the names of the officers involved in his stop and transportation to Redington-Fairview in January 2017" and ordered Mr. Plourde to "file an amended complaint with the names of the Skowhegan Police Officers within sixty days" from the date of the order. *Id.* at 15-17.

On May 10, 2021, Mr. Plourde filed a response to the Court's March 10, 2021 Order, informing the Court that he "received evidence from the SPD although this evidence is inconclusive as to the identity of the Officers" and the police report contained no evidence of the incident and there is no audiovisual evidence. *Resp. to 03/10/21 Order (ECF 53)* at 1 (ECF No. 54). Therefore, he claimed "it is impossible for [him] to identify the SPD Officers who have participated in this incident." *Id.* Because "the current evidence seemingly favors the SPD Officers as the Police Report

6

is both incomplete and casts [him] in an unfavorable light," Mr. Plourde asked the Court to make operative "the last filed Fifth Amended Complaint (ECF No. 35)," which does not include any claims against the Skowhegan Police Officers. *Id.* at 2.

Mr. Plourde subsequently moved for leave to amend his complaint, seeking to "amend his complaint such that ECF No. 35 is the operative pleading in this case." *Mot. for Leave to Amend Compl. Pursuant to ECF No. 38 and ECF No. 53* (ECF No. 55). The Court granted Mr. Plourde's motion and ordered the Clerk's Office to re-docket the fifth proposed complaint and proposed exhibits previously filed at ECF No. 35. *Order Granting in Part Mot. for Leave to File an Am. Compl.* (ECF No. 56). The Fifth Amended Complaint (ECF No. 57) is now the operative complaint.

On May 11, 2021, the Court ordered Mr. Plourde to show cause as to why the Court should not dismiss his Fifth Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) for lack of subject matter jurisdiction. *Order to Show Cause* at 4 (ECF No. 58). The Court concluded that "Mr. Plourde no longer asserts any claims against the Skowhegan Police Officers and thus, for the reasons articulated in the Magistrate Judge's Recommended Decision, the Court concludes the Fifth Amended Complaint does not sufficiently allege facts that would support a finding that any of the defendants is a state actor." *Id.* at 4. "Without a plausible federal law claim, this Court lacks subject matter jurisdiction to hear Mr. Plourde's case." *Id.* On June 1, 2021, Mr. Plourde responded to the order to show cause, arguing that the Maine State Crisis Team Members are state actors. *Resp. to 05/11/21 Order to Show Cause (ECF 58)* (ECF No. 59) (*Pl.'s Resp.*).

7

## B. Fifth Amended Complaint

In his Fifth Amended Complaint, Mr. Plourde asserts claims against the following defendants: (1) Redington-Fairview General Hospital, (2) Unknown Redington-Fairview Hospital Ambulance Crew Members #1-5, (3) Unknown Redington-Fairview Hospital Nurses #1-6; and (4) Unknown Maine State Crisis Team Members #1-5.

Mr. Plourde's Fifth Amended Complaint contains the following four counts:

(1) Count I – 42 U.S.C. § 1983 – Deprivation of United States Constitutional Rights – Unknown Maine State Crisis Team Members #1-5;

(2) Count II – 5 M.R.S. § 4682 – Intentional Deprivation of United States Constitutional Rights – All Defendants;

(3) Count III – 5 M.R.S. § 4682 – Intentional Deprivation of Maine State Constitutional Rights – All Defendants;

(4) Count IV – 24 M.R.S. § 2853 – Medical Malpractice – All Defendants.

## II. LEGAL STANDARD

While the federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for persons unable to pay the costs of bringing an action, Congress directed that a district court "shall" dismiss "at any time" cases or claims proceeding in forma pauperis, if the court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such

8

relief." 28 U.S.C. § 1915(e)(2)(B). The purpose is "to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, a pro se plaintiff's complaint must be read liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and "the district court must give the plaintiff the benefit of all the suggested facts and must indulge all reasonable inferences in his favor," *Johnson v. Rodriguez*, 943 F.2d 104, 107 (1st Cir. 1991).

### III. DISCUSSION

#### A. Section 1983 Claim

In the Court's May 11, 2021 Order to Show Cause, the Court highlighted a jurisdictional problem with Mr. Plourde's Fifth Amended Complaint. *Order to Show Cause* at 2. The Court explained that in light of Mr. Plourde's decision to drop the Skowhegan Police Officers as defendants, "[t]he Fifth Amended Complaint's only basis for federal jurisdiction is a 42 U.S.C. § 1983 claim against the five unnamed Maine State Crisis Team Members." *Id.* at 3. The Court reasoned that the Fifth Amended Complaint is "nearly identical" to the First Amended Complaint that Magistrate Judge Nivison recommended this Court dismiss for lack of subject matter jurisdiction. *Id.* The Court concluded that the Fifth Amended Complaint "does not sufficiently allege facts that would support a finding that any of the defendants is a state actor" and ordered Mr. Plourde to show cause as to why the Court should not dismiss the Fifth Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) for lack of subject matter jurisdiction. *Id.* at 4.

9

Mr. Plourde's response to the Order to Show Cause merely repeats his previously asserted arguments that the Maine State Crisis Team Members are state actors. Applying the test for determining state actor status articulated by the First Circuit in *Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1 (1st Cir. 2005), Mr. Plourde argues his complaint passes "*both* The Nexus/Joint Action Test and The Public Function Test." *Pl.'s Resp.* at 3 (emphasis in original).

The Court considered this argument multiple times and rejected it each time. Although mooted by a subsequent amended complaint, Magistrate Judge Nivison's well-reasoned Recommended Decision concluded that under *Estades-Negroni*, Mr. Plourde's assertion that "the Maine Crisis Team Members were 'contracted by the State of Maine' is insufficient to support a finding that the team members or any of the other defendants are state actors." *Recommended Decision* at 7-8. On March 10, 2021, this Court agreed, concluding that "[p]rivate actors who are involved in the involuntary commitment process are not state actors." *Order* at 12 (ECF No. 53) (citing *Palm v. Sisters of Charity Health Sys.*, Civil No. 07-120-B-W, 2008 U.S. Dist. LEXIS 42287, at *6-14 (D. Me. May 28, 2008), *aff'd*, 2008 U.S. Dist. LEXIS 50128 (D. Me. June 30, 2008)). In Mr. Plourde's case against Northern Light Acadia Hospital, this Court affirmed Magistrate Judge Nivison's determination that the Maine State Crisis Team Members are not state actors for purposes of § 1983. *Plourde v. Northern Light Acadia Hospital*, No. 1:20-cv-00043-JAW, *Order Affirming Recommended Decision Dismissing Pl.'s Compl. and Denying Mot. for Leave to Amend Compl.* (ECF No. 28). Nothing in Mr. Plourde's response to the Order to Show Cause

persuades the Court to reach a different conclusion on his recycled arguments. *See Rockwell v. Cape Cod Hosp.*, 26 F.3d 254, 258-260 (1st Cir. 1994) (affirming district court's dismissal of a pro se complaint, concluding that a private medical provider's involuntary commitment of a mental health patient did not involve state action, even though authorized by Massachusetts law); *see also Ellison v. Univ. Hosp. Mobile Crisis Team*, 108 F. App'x 224, 226-27 (6th Cir. 2004) (per curiam) (concluding that a crisis team's involuntary commitment of a mental health patient was not a state function).

In addition to his *Estades-Negroni* argument, Mr. Plourde asserts that the Maine State Crisis Team Members qualify as state actors under the Maine Superior Court's analysis in *Saunders v. Tisher*, No. CV-04-27, 2005 Me. Super. LEXIS 197 (Me. Super. Mar. 24, 2005). He contends that the *Saunders* Court uses four tests in determining whether private actors can be viewed as state actors based on their conduct. *Pl.'s Resp.* at 4. He asserts that three of the four tests "are more-or-less analogous to the three tests employed in *Estades-Negroni*," but "*Saunders* adds a fourth test not found in [*Estades-Negroni*]." *Id.*

The *Saunders* case does not change this Court's determination for three reasons. First, despite two recommended decisions and seven motions to amend, Mr. Plourde makes this argument for the first time here, and thus he has waived the argument. *See Frank Martin Sons, Inc. v. John Deere Constr. & Forestry Co.*, 542 F. Supp. 2d 101, 107 (D. Me. 2008) (quoting *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987)) ("Parties must take before the magistrate, not

11

only their best shot but all of their shots"). Second, *Saunders* is a decision by the Maine Superior Court and is not binding on this Court in determining our own jurisdiction. Since *Saunders* was decided, the First Circuit issued *Estades-Negroni*, which clearly establishes the three tests for determining state action, and this Court is bound by that decision. Third, Mr. Plourde has not shown how *Saunders* changes the outcome in this case. In *Palm*, Magistrate Judge Kravchuk analyzed whether a private doctor who involuntarily committed a patient to a private hospital was acting under the color of state law for purposes of § 1983. *Palm*, 2008 U.S. Dist. LEXIS 42287, at *7. Quoting *Saunders*, the Magistrate Judge concluded that "the implementation of the involuntary commitment process by a private physician, when the commitment is to a private hospital, does not amount to state action." *Id.* at *12-13 (quoting *Saunders*, 2005 Me. Super. LEXIS 197, at *22). Mr. Plourde has not shown how the actions of the Maine State Crisis Team Members would warrant a different result here.

### B. State-Law Claims

Without a viable § 1983 claim, only Mr. Plourde's three state-law claims remain. The Court has discretion to exercise supplemental jurisdiction over the state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims over which it has original jurisdiction"); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to

§ 1367, over pendent state-law claims"). In deciding whether to exercise jurisdiction over pendent state-law claims, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity . . .." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726-27 (1966)).

The Court determines that the state law claims should be dismissed. Only state-law claims remain, and the case is still very early in the litigation with defendants having yet to be served. *See id.* ("When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice"); *Rossi v. Gemma*, 489 F.3d 26, 39 (1st Cir. 2007) (quoting *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995)) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit . . . will trigger the dismissal without prejudice of any supplemental state-law claims"). Mr. Plourde may file his claims in state court, but this Court will not exercise supplemental jurisdiction over his three state claims when no federal claim exists.

C. **Conclusion**

As is evident from the Court's recitation of the procedural history, the Court has been open-minded and receptive to Mr. Plourde's litigation of this case. The Court is mindful of the fact that Mr. Plourde is pro se and the allegations that he was

hog-tied, kidnapped, and forcibly transported to the hospital where he was sedated and admitted against his will are serious, albeit unusual. Accordingly, the Court has allowed Mr. Plourde to repeatedly amend his complaint, despite the seemingly far-fetched nature of his claims. After seven motions to amend, Mr. Plourde has settled on his Fifth Amended Complaint, but that complaint fails to assert a viable claim under 42 U.S.C. § 1983. Because Mr. Plourde fails to state a federal-law claim, and because the Court declines to exercise supplemental jurisdiction over Mr. Plourde's state-law claims, the Court must dismiss Mr. Plourde's complaint.

## IV. CONCLUSION

The Court DISMISSES without prejudice Glen Plourde's Fifth Amended Complaint (ECF No. 57) pursuant to 28 U.S.C. § 1915(e)(2).

SO ORDERED.

> /s/ John A. Woodcock, Jr.
> JOHN A. WOODCOCK, JR.
> UNITED STATES DISTRICT JUDGE

Dated this 25th day of June, 2021